**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

2017 MAR 14  P 4: 07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CHARLENE RABREN,

    Plaintiff

    v.

HARLEYSVILLE LIFE INSURANCE COMPANY
and CUSTOM DISABILITY SOLUTIONS, a
division of RELIANCE STANDARD LIFE
INSURANCE CO.,

    Defendants

Case No. 2:17-CV-147

## NOTICE OF REMOVAL

Defendants Reliance Standard Life Insurance Company, d/b/a Custom Disability Solutions ("CDS") and Harleysville Life Insurance Company ("Harleysville Life," together with CDS, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this case from the Circuit Court of Montgomery County, Alabama in which it is now pending, to the United States District Court for the Middle District of Alabama, and in support thereof states as follows:

### BACKGROUND

1.        Plaintiff Charlene Rabren ("Plaintiff") commenced this action on or about February 9, 2017, by filing her Complaint in the Circuit Court of Montgomery County, Alabama.

2.        CDS accepted service of the Summons and Complaint on February 13, 2017 through its agent, CT Corporation System, by Certified Mail. A true and correct copy of all process, pleadings and orders as served upon CDS is attached as Exhibit 1 and incorporated herein by reference.

11524597v1

3.       Harleysville Life has not been served with a copy of the Summons and Complaint.

## DIVERSITY OF CITIZENSHIP

4.       There is complete diversity of citizenship.

5.       Plaintiff states that she resides in Montgomery County, Alabama. *See* Complaint at ¶ 4. Upon information and belief, Plaintiff was at the time this action was commenced, and is at the present time, a citizen of the State of Alabama. *See id.*

6.       CDS is a division of Reliance Standard Life Insurance Company, which exists under the laws of the State of Pennsylvania with a principal place of business in Pennsylvania.

7.       Harleysville Life is an insurance company, which exists under the laws of the State of Pennsylvania with a principal place of business in Pennsylvania.

8.       Diversity exists between Plaintiff and Defendants because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

9.       The matter in controversy also exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

10.       Where, as here, a plaintiff makes "an unspecified demand for damages in state court" a removing defendant need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000)); *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). To ascertain the amount in controversy, the Court considers the notice of removal and all other evidence presented by the defendants which can include both

2

documents received from the plaintiff and the defendants' own evidence. *Pretka*, 608 F.3d at

756. The Eleventh Circuit has made it clear that:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe*, 613 F.3d at 1061 (internal citations omitted); *see also Smith, et al. v. Family Dollar Stores,*

*Inc., et al.*, 2014 U.S. Dist. LEXIS 134930, *6-7 (N.D. Ala. Sept. 25, 2014) (noting that the

"applicable standard of review is whether it is 'facially apparent' from the complaint that the

amount in controversy more likely than not exceeds the jurisdictional minimum, and district

courts may employ their 'judicial experience and common sense' in making this determination.")

11.     Here, Plaintiff alleges state law claims for breach of contract and bad faith

against Defendants and seeks contractual benefits, as well as compensatory and punitive

damages. *See* (Compl. "WHEREFORE" Clauses).

12.     The matter in controversy exceeds the sum of $75,000, exclusive of interest

and costs, because:

     a.     The Policy provides Plaintiff up to $3,221 in monthly disability benefits;

     b.     Plaintiff contends she is owed long-term disability benefits (Compl. ¶ 12) and compensatory damages, plus interest and costs (Complaint Wherefore clause);

c.    Based upon Plaintiff's alleged date of disability, past due benefits total over $52,344.00;

d.    Plaintiff does not limit her request to only past due benefits. Combined with future benefits from present until November 1, 2020, the total amount of benefits Plaintiff demands is over $140,981.00.

13.    Further, a demand for punitive damages is, of course, included in the determination of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy); *Holley Equip Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages <u>must</u> be considered") (internal citations omitted) (emphasis added); *see also South Dallas Water Authority v. Guarantee Co. of North America, USA*, 767 F. Supp. 2d 1284, 1303 and n. 21 (S.D. Ala. 2011) (holding that the defendant could have "marshaled enough evidence of the jurisdictional facts to support a notice of removal" . . . "when one considers plaintiff's demand for compensatory and punitive damages"); *Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) ("it is the constitutionally-permissible limits of punitive damages in a particular case [slightly more than double the compensatory damages claim] that are used to compute the jurisdictional amount-in-controversy requirement.") (internal citations omitted).

14.    In ascertaining the amount in controversy in light of a plaintiff's claim for punitive damages, "*state law is relevant* to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce." *Broughton v. Fla. Int'l Underwriters, Inc.*, 139 F.3d 861, 863 (11th Cir. 1998) (emphasis added). Thus, in determining whether the jurisdictional level has been met, this Court can consider recent decisions rendered in similar cases. *See Henry v. Nationwide Ins. Co.*, No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S.D.

Ala. Aug. 22, 2007) (determining that the amount in controversy was satisfied due to the comparison of other breach of contract and fraud cases against insurance companies alleging punitive damages). Alabama juries have awarded punitive damages greater than $75,000 in cases alleging bad faith claims. *See, e.g., Otinger v. Allstate Ins. Co.*, No. 05-574, 2011 WL 4632225 (Etowah County, Ala. May 20, 2011) (awarding $75,000 in compensatory damages and $100,000 in punitive damages for bad faith failure to pay an insurance claim); *Atchafalaya Marine, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 959 F. Supp. 2d 1313, 1323, 1334 (upholding December 13, 2012 jury verdict of $250,000 for breach of contract, $100,000 for bad faith and $350,000 for bad faith punitive damages related to failure to pay insurance claim).

15.     Consequently, based upon the allegations in Plaintiff's Complaint and recent jury verdicts in bad faith insurance actions, "judicial experience and common sense" dictate that it is more likely than not that Plaintiff's Complaint places more than $75,000 in controversy. *See Blackwell*, 620 F. Supp. 2d at 1292; *Robinson*, 2013 U.S. Dist. LEXIS 28306, *13-14.

16.     There is complete diversity and therefore this Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

## MISCELLANEOUS

17.     Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of CDS's receipt, via its acceptance of service of the Summons and Complaint, on February 13, 2017.

18.     The United States District Court for the Middle District of Alabama is the federal judicial district encompassing the Circuit Court of Montgomery County, Alabama, where this suit was originally filed.

5

19.    Accordingly, the present lawsuit may be removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

20.    Pursuant to the provisions of 28 U.S.C. § 1446, a true and correct copy of the Notice of Filing Notice of Removal to the Circuit Court of Montgomery County, Alabama is attached hereto as Exhibit 2.

21.    Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the initial pleading on which the aforesaid action is based.

22.    All Defendants consent to this removal.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama.

Dated: March 14, 2017

/s/ _____
William B. Wahlheim, Jr.
ASB No. 0443-174w
Maynard, Cooper, & Gale, P.C.
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
wwahlheim@maynardcooooper.com

*Attorney For Defendant Custom Disability Solutions*

/s/ _____
Felicia A. Long
ASB No. 5532-F61L
Hill Hill Carter Franco Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
flong@hillhillcarter.com

6

Lisa M. Kathumbi (Ohio 81441)
Jill K. Bigler (Ohio 83789)
Bricker & Eckler LLP
100 South Third Street
Columbus, OH  43215
Telephone: (614) 227-2300
Fax: (614) 227-2390
lkathumbi@bricker.com
jbigler@bricker.com
*Pro hac vice* applications forthcoming

*Attorneys For Harleysville Life Insurance
Company*

## CERTIFICATE OF SERVICE

This is to certify that I have this day the 14ᵗʰ of March, 2017, served Plaintiff with a true

and correct copy of the within and foregoing **NOTICE OF REMOVAL** by depositing a copy of

same in the United States Mail with adequate First Class postage affixed thereon, addressed as

follows:

J. Doyle Fuller, Esq.
Susan Copeland, Esq.
FULLER AND COPELAND
2851 Zelda Road
Montgomery, Alabama 36106

Felicia A. Long

8

11524597v1